BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | § § § § § § | MDL No. 2738 |

**INTERESTED PARTY RESPONSE IN SUPPORT FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF ILLINOIS FOR COORDINATED OR CONSOLIDATED PROCEEDINGS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Gori Julian & Associates, P.C. ("Gori Julian"), counsel for Interested Party Plaintiff Rene Slayden, respectfully submits this Interested Party Response in Support for Transfer of Actions to the Southern District of Illinois for Coordinated or Consolidated Proceedings. Gori Julian agrees that consolidation and transfer to the Southern District of Illinois is appropriate and would alternatively suggest assignment of these actions to District Judge Staci M. Yandle.

I. **INTRODUCTION**

Presently, Gori Julian is counsel of record for Interested Party Plaintiff in the following case pending in the Southern District of Illinois:

- *Rene Slayden v. Johnson & Johnson, et al.,* 3:16-cv-00938-DRH-PMF (S.D. Ill.)

Gori Julian joins in and is in agreement with the statements contained within Plaintiff Lumas' Brief in Support of Motion for Consolidation and Transfer Pursuant to 28 U.S.C. § 1407 (Doc. 1-1). Thus, Gori Julian will not re-hash arguments in support of transfer of these actions to the Southern District of Illinois, except to highlight and emphasize the following:

## II. TRANSFER AND CONSOLIDATION OR COORDINATION OF ALL ACTIONS IS APPROPRIATE UNDER 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407, the Panel must consider whether: (1) one or more common questions of fact are pending in different districts; (2) a transfer would serve the convenience of parties and witnesses; and (3) a transfer would promote the just and efficient conduct of the actions. *See* 28 U.S.C. § 1407(a). All of these factors warrant transfer in this instance.

Instantly, common questions of fact are presented by the related actions, including but limited to, issues surrounding Defendants' testing, marketing, and labeling of the products at issue. The plaintiffs' claims are related to a single substance, talc, manufactured by Defendant Imerys Talc, which was used in the development of talc-based products that were manufactured by the Johnson & Johnson Defendants. Plaintiffs were all deceived by the Defendants' omissions and representations that the products were safe to use, despite the Defendants' knowledge that use of their talcum powder products in the genital area can cause cancer.

As the number of related actions shall likely rise to the thousands, and in light of the numerous common questions of fact, Gori Julian submits that centralization under § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

## III. THE SOUTHERN DISTRICT OF ILLINOIS IS THE MOST APPROPRIATE TRANSFEREE COURT FOR CONSOLIDATION OR COORDINATION AND DISTRICT JUDGE YANDLE IS THE PROPER JURIST

Gori Julian joins in the respectful submission of the Southern District of Illinois as the most appropriate venue for these cases for the multitude of reasons discussed in the Brief in

Support of Plaintiff's Motion for Consolidation and Transfer Pursuant to 28 U.S.C. § 1407 (Doc. 1-1).

As this Panel is aware, it has transferred two recent product liability litigations to the Southern District of Illinois– *In re: Yasmin and Yaz (drospirenone) Marketing, Sales Practices and Products Liability Litigation* MDL 2100 ("Yaz MDL") and *In re: Pradaxa (dabigatran etexilate) Products Liability Litigation* MDL 2385 ("Pradaxa MDL"). Moreover, very recently, over 200 hundred talcum powder personal injury claims, involving common questions of fact and law to the claims alleged by the related actions, were removed to the Southern District of Illinois under the "mass action" provision of CAFA. *See Harders, et al., v. Johnson & Johnson, et al.,* 3:16-cv-00903-JPG-DGW (S.D. Ill.); *see also* 28 U.S.C. 1332(d) ("Any action(s) removed to Federal court pursuant to this subsection shall not thereafter be transferred to any other court pursuant to section 1407, or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407.").

District Judge Herndon is undoubtedly a jurist extremely well-versed and experienced in deftly handling multi-district litigations. However, Gori Julian would alternatively suggest assignment of these cases to District Judge Staci M. Yandle of the Southern District of Illinois. Of the talcum powder personal injury claims currently pending in the Southern District of Illinois, District Judge Yandle presides over the lowest numbered case. *See Lumas v. Johnson & Johnson, et al.,* 3:16-cv-00741 (S.D. Ill.). Moreover, District Judge Yandle previously presided over two additional talcum powder personal injury actions. *See Harlan v. Johnson & Johnson, et al.,* 3:15-cv-00418-SMY-SCW (S.D. Ill.) (remanded to state court on August 31, 2015); *Lewis v. Johnson & Johnson, et al.,* 3:15-cv-00565-SMY-PMF (S.D. Ill.) (remanded to state court on August 31, 2015). District Judge Yandle, a practitioner for over twenty-seven years, was

recently invested as a member of the court on August 21, 2014. In the past two years, District Judge Yandle has cultivated her reputation as a hardworking and well-respected jurist.

District Judge Yandle would greatly benefit from the ample experience of the Clerk's Office of the Southern District of Illinois in handling multi-district litigations. The expeditious, just, and efficient manner in which the Southern District of Illinois as a whole simultaneously handled the *Yaz MDL* and *Pradaxa MDL* is commendable and noteworthy. The Southern District of Illinois Clerk's Office is an innovator in the running of multidistrict litigations and is well-prepared for another.

Moreover, as the Panel has observed, the Southern District of Illinois offers innate benefits due to its central and accessible location. *See In re: Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.,* 883 F. Supp. 2d at 1356 ("[T]he Southern District of Illinois' geographically central location and accessibility also commend it for this nationwide products liability litigation."). The location is especially convenient for this particular litigation, given the Southern District of Illinois' proximity to the hundreds of talcum powder personal injury claims that are currently pending in the City of St. Louis, Missouri.

For these reasons, Gori Julian submits that the Southern District of Illinois, and specifically District Judge Yandle, is the appropriate choice for managing this multidistrict litigation.

## IV. CONCLUSION

For all of the reasons stated in the Plaintiffs' Brief in Support of Motion for Consolidation and Transfer Pursuant to 28 U.S.C. § 1407 (Doc. 1-1), and for those emphasized above, Gori Julian respectfully submits that the Southern District of Illinois is the most appropriate transferee court pursuant to 28 U.S.C. § 1407. Gori Julian alternatively submits that District Judge Staci M. Yandle is the proper jurist to preside over the related actions. Thus, Gori Julian, counsel for Interested Party Plaintiff Slayden, respectfully requests that this Panel transfer the pending related actions and all subsequently filed tag along cases to the Southern District of Illinois, District Judge Yandle, for consolidated or coordinated pretrial proceedings.

Date: September 2, 2016

Respectfully submitted,

/s/ D. Todd Mathews
D. Todd Mathews, #52502
Randy L. Gori, #47619
Gori Julian & Associates, P.C.
156 N. Main Street
Edwardsville, IL 62025
618-659-9833 – Telephone
618-659-9834 – Facsimile
todd@gorijulianlaw.com
randy@gorijulianlaw.com

COUNSEL FOR PLAINTIFF IN THE FOLLOWING ACTION:

*Rene Slayden v. Johnson & Johnson, et al.,* 3:16-cv-00938-DRH-PMF (S.D. Ill.)